UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADALAIDA QUILES,<br>      Plaintiff,<br><br>      v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of the Social Security<br>Administration,<br>      Defendant. | No. 3:13-cv-1905 (SRU) |

### RULING ON PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S RECOMMENDED RULING

Plaintiff Adalaida Quiles appealed from the adverse decision of the Commissioner of Social Security denying her applications for a period of disability insurance benefits and supplemental security income. On January 28, 2015, U.S. Magistrate Judge William I. Garfinkel issued a recommended ruling (the "Recommended Ruling") recommending that the decision of the Commissioner be affirmed (doc. # 24). Quiles filed an objection to portions of the Recommended Ruling on February 23, 2015 (doc. # 29). For the reasons set forth below, Quiles's objection is rejected. The Recommended Ruling is adopted and the decision of the Commissioner is affirmed.

**I.      Background**

The court assumes the parties' familiarity with the underlying facts. A full statement of the relevant facts can be found in Magistrate Judge Garfinkel's Recommended Ruling. *See* Recommended Ruling, *Quiles v. Colvin*, 3:13-cv-1905 (doc. # 24).

**II.     Standard of Review**

"In the face of an objection to a Magistrate Judge's recommended ruling, the [d]istrict [c]ourt makes a *de novo* determination of those portions of the recommended ruling to which an objection is made." *Smith v. Barnhart*, 406 F. Supp. 2d 209, 212 (D. Conn. 2005); *see also Burden v. Astrue*, 588 F. Supp. 2d 269, 271 (D. Conn. 2008). The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998). It is not the court's function to determine *de novo* whether the claimant was disabled. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court must review the record to determine first whether the correct legal standard was applied and then whether the record contains substantial evidence to support the decision of the Commissioner. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

When determining whether the Commissioner's decision is supported by substantial evidence, the court must consider the entire record, examining the evidence from both sides. *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). Substantial evidence need not compel the Commissioner's decision; rather substantial evidence need only be evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (internal quotation marks and citations omitted). "Even where the administrative record may also adequately support contrary findings on particular issues, the

2

ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks and citation omitted).

**III.     Discussion**

Quiles raises four objections to Magistrate Judge Garfinkel's Recommended Ruling, arguing that the ruling errs by: (1) rejecting Quiles's assertion that she was diagnosed with Fibromyalgia; (2) rejecting Quiles's claim that she was prejudiced by the exclusion of relevant records; (3) finding that Dr. Gross's opinion was retroactive to 2009; and (4) finding that a therapist and nurse were not acceptable medical sources for purposes of establishing the weight to give to their opinions. Those objections are considered in turn.

  A.   Diagnosis of Fibromyalgia

First, Quiles objects to the treatment of a particular physician's note in the Recommended Ruling. Judge Garfinkel characterized that note as indicating that Quiles had reported a history of fibromyalgia, and he reasoned that such a report was not a diagnosis. *See* Recommended Ruling 15 ("[T]he physician note indicates that [Quiles] reports a history of Fibromyalgia. (R. 127). This is not a definitive diagnosis. In fact, the diagnosis from Plaintiff's visit that day was 'back pain.'"). That description is correct in observing that the note does not contain a "definitive diagnosis" of fibromyalgia, but the note does indicate that Quiles "present[ed] with history of . . . fibromyalgia," among other conditions, and it is not clear whether that history is, as Judge Garfinkel suggested, merely self-reported. Quiles moreover cites numerous other medical records that refer to fibromyalgia, at least one of which lists it expressly as a diagnosis and includes a treatment plan. *See* R. 703–04.

Regardless of Judge Garfinkel's characterization of the note, however, and regardless of any earlier diagnosis of fibromyalgia, Quiles's argument does not undermine the findings of the administrative law judge ("ALJ") that the condition was "non-severe" and that she was not disabled as of October 22, 2012. *See* R 75, 84–85. "The mere diagnosis of an impairment 'says nothing about the severity of the condition.'" *Burrows v. Barnhart*, No. 3:03-cv-342 (CFD)(TPS), 2007 WL 708627, at *6 (D. Conn. Feb. 20, 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)). Whether I adopt or reject the particular passage of the Recommended Ruling that characterizes the note is therefore immaterial. Moreover, Quiles did not challenge the finding that the condition was not severe before Judge Garfinkel, and any such challenge is therefore waived. *Burden v. Astrue*, 588 F. Supp. 2d 269, 279 (D. Conn. 2008) ("Issues not raised before the Magistrate Judge, and therefore not addressed by her, may not properly be deemed 'objections' to the Recommended Ruling. If this court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments.").

B. <u>Exclusion of Relevant Records</u>

Next, Quiles objects to the Recommended Ruling's rejection of her argument that the ALJ failed to adequately develop the record. *See* 42 U.S.C. § 423(d)(5)(B) ("In making any determination with respect to whether an individual is under a disability . . . the Commissioner of Social Security shall consider all evidence available in such individual's case record, and shall develop a complete medical history of at least the preceding twelve months. . . ."). She asserts that the ALJ should have reviewed particular records from Bridgeport Hospital (R. 126–27) and from the Behavioral Health Department of the FSW Clinic (R. 312–25). The Recommended

Ruling holds that those records "are consistent with the record as a whole and with the ALJ's decision" and that Quiles failed to show that she was prejudiced by their exclusion. Recommended Ruling 16. I have reviewed those records and I agree. Quiles does not substantively refute that conclusion in her objection, which only tersely reasserts disagreement with it, and does not contain any argument that the absence of those records prejudiced her or that their presence would have effected the outcome of her case.

    C.  <u>Retroactivity of Dr. Gross's Opinion</u>

Third, Quiles objects to the Recommended Ruling's finding that the opinion of Dr. Stewart Gross—to which the ALJ gave controlling weight because Dr. Gross was Quiles's treating physician for her carpal tunnel syndrome—applied to her condition dating back to January 2009.

In September 2012, Dr. Gross completed a Medical Source Statement detailing Quiles's ability to perform work-related activities. In response to the question "on what date were the limitations you found above first present," he wrote: "1/1/2009." R 1145. The Recommended Ruling therefore correctly states that "Dr. Gross's September 2012 report indicates that his opinion also applies to past limitations beginning on January 1, 2009." Recommended Ruling 18. Quiles asserts that Dr. Gross's response only means that Quiles's hand limitations were present in 2009, but not that her "residual functional capacity was exactly the same in 2012 as it was in 2009." Objection 2. That may be so, but the Recommended Ruling does not say otherwise, and even if it did, Quiles makes no argument that such a distinction is material. Moreover, it is quite clear—as the Recommended Ruling outlines—that the ALJ considered her limitations throughout the period, not relying solely on Dr. Gross's single statement that the limitations were

first present in January 2009. *See* Recommended Ruling 18–19. I agree with Judge Garfinkel's analysis, and Quiles makes no argument that undermines that analysis.

    D.  Acceptable Medical Sources

Lastly, Quiles objects to the Recommended Ruling's conclusion that her treating nurse and therapist "are not considered 'acceptable medical sources' for purposes of establishing the weight to give to their opinions." Recommended Ruling 19.

The Recommended Ruling is correct, because "acceptable medical sources" are defined by regulation to include licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists, but not nurses or therapists. *See* 20 C.F.R. §§ 404.1513, 416.913. Quiles concedes that her nurse and therapist may not be able to render diagnoses, but says that they are nevertheless "qualified to express an opinion about the severity of the symptoms caused by those diagnoses, and about the extent of the functional limitations caused by those diagnoses." Objection 3. That is no doubt correct, but the Recommended Ruling does not hold otherwise; on the contrary, it holds that they "are considered 'other sources'" whose "opinions are not entitled to controlling weight" but that "the ALJ must still consider any opinion given by" them. Recommended Ruling 19. And the ALJ *did* consider their opinions, and explained the weight that he gave them. An ALJ "has discretion to determine the appropriate weight to accord the [other source's] opinion based on all the evidence before him." *Diaz v. Shalala*, 59 F.3d 307, 314 (2d Cir. 1995). The ALJ in this case properly did not assign controlling weight to the opinions of the treating nurse or therapist, and he properly used his discretion to determine the appropriate weight to assign them. Quiles makes no persuasive argument to the contrary.

**IV.     Conclusion**

   For the foregoing reasons, the Recommended Ruling of January 28, 2015 is APPROVED and ADOPTED. The decision of the Commissioner is AFFIRMED.

   So ordered.

Dated at Bridgeport, Connecticut, this 10th day of February 2016.

                     /s/ STEFAN R. UNDERHILL
                     Stefan R. Underhill
                     United States District Judge